UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLARA RACHAL | PLAINTIFF |
| | CIVIL ACTION NO. _____ |
| v. | JUDGE: _____ |
| | MAGISTRATE JUDGE: |
| NATCHITOCHES NURSING AND REHABILITATION CENTER, LLC, KACEY MASTERS, AND MIRANDA GREEN | DEFENDANTS |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Natchitoches Nursing and Rehabilitation Center, LLC ("Natchitoches") and Kacey Masters ("Defendants")[1] hereby remove this action from the 10th Judicial District Court for Natchitoches Parish, Louisiana, to the United States District Court for the Western District of Louisiana, Alexandria Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The grounds for the removal are as follows:

### INTRODUCTION

1.  On April 29, 2020, Plaintiff commenced this action in the 10th Judicial District Court for the Parish of Natchitoches, Louisiana, in a case entitled *Clara Rachal v. Natchitoches Nursing and Rehabilitation Center,* et al., Suit No. C-91924-B. Pursuant to 28 U.S.C. § 1446(a),

---

[1] As of this date, Defendant Miranda Green has not been served with process in this lawsuit, so she is not joining in in this removal.

true and correct copies of all process, pleadings and orders served on Defendants in the state court action are attached hereto as Exhibit A.[2]

2. Plaintiff Clara Rachal is a former nursing home resident of Natchitoches Nursing and Rehabilitation Center ("Natchitoches"), a licensed skilled nursing facility. According to the Petition for Damages, Ms. Rachal was exposed to the coronavirus while a resident of Natchitoches, causing her to contract COVID-19 and allegedly resulting in her injuries and damages.

3. Upon information and belief, Rachal died on or about May 5, 2020.

4. Plaintiff alleges that Ms. Rachal's exposure to the coronavirus and contraction of COVID-19 are due to the wrongful acts and omissions of Defendants.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

5. This removal is timely because it first became removable on Friday, January 8, 2021, upon the issuance of an Advisory Opinion by Robert P. Charrow, Esq., General Counsel for the United States Department of Health & Human Services (Advisory Op. 21-01), which specifically addressed the application and scope of the preemption provision of the Public

---

[2] This case is one of eight cases which were previously consolidated in the 10th Judicial District Court for the Parish of Natchitoches, State of Louisiana, each of which are being removed individually in an abundance of caution, for the avoidance of doubt, and in the interest of preserving Defendants' rights to the fullest extent that the law allows. These eight cases and their state court cause numbers are as follows: *Clara Rachal v. Natchitoches Nursing and Rehabilitation Center, LLC,* No. C-91924-B; *Herbert Beaudion, et al. v. Natchitoches Nursing and Rehabilitation Center, LLC,* No. C-91956-B; *Sara Mills, Individually and on behalf of the Estate of Ola Turner,* No. C-91964-A; *Josie Hamilton, Individually and on behalf of the Estate of Hattie Mae Thomas Prudhomme v. Natchitoches Nursing and Rehabilitation Center, LLC,* No. C-91965-A; *Leroy Gay, et al. v. Natchitoches Nursing and Rehabilitation Center, LLC,* No. C-91973-B; *Judith A. Hayes, Individually and o/b/o Mildred Corner Cotton v. Natchitoches Nursing and Rehabilitation Center, LLC,* No. C-91983-B; *Eddie Ratliff, Jr., et al. v. Natchitoches Nursing and Rehabilitation Center, LLC,* No. C-92035-A; and *Linda Sue McClanahan, et al. v. Natchitoches Nursing and Rehabilitation Center, LLC,* No. C-92063-B.

Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006) (the "PREP Act").³ *See* Advisory Op. 21-01, attached hereto as Exhibit B.

6. This Notice of Removal has been filed within 30 days of receipt of the Advisory Opinion which constitutes "other paper" as contemplated by 28 U.S.C. § 1446(b)(3). It was not until receipt of the Advisory Opinion that HHS defined and broadened the scope and complete preemptive authority of the PREP Act. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable").

7. This Notice of Removal is, therefore, timely filed within thirty (30) days of receipt of the "other paper" which permitted Defendants to ascertain that the case is properly removable in accordance with 28 U.S.C. § 1446(b)(3).

8. Accordingly, this action is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" pursuant to 28 U.S.C. §1441(a).

9. Removal to the United States District Court for the Western District of Louisiana is proper because the Petition for Damages was filed in the 10th District Court of the State of Louisiana for Natchitoches Parish, which is located within the jurisdiction of this District. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 84(c)(2).

---

³ Advisory Opinion 21-01 addressed the question of "whether the PREP Act applies where a covered person declined to use a covered countermeasure when it arguably ought to have been used" which was raised "by a spate of recent lawsuits, most involving nursing homes and other healthcare facilities, where patients or their estates allege that [they] contracted COVID-19 because the facility, among other things, failed to provide its staff with personal protective equipment ("PPE"), failed to teach the staff how to properly use that equipment, or failed to ensure that its staff used the PPE it had been given."

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1331 BASED ON THE PREP ACT

10. This case is removable under 28 U.S.C. § 1441(a) on the basis of "original jurisdiction" because Plaintiff's Petition for Damages asserts a claim "arising under" federal law within the meaning of § 1331.

11. According to Plaintiff, due to the wrongful acts and omissions of Defendants, Ms. Rachal became infected with COVID-19 during her residency at Natchitoches and suffered injuries and damages as a result.

12. Plaintiff alleges that Defendants failed to take timely, proper and effective actions to eliminate and/or minimize the risk of Ms. Rachal's exposure to COVID-19; failed to provide timely and appropriate medical attention to Ms. Rachal; failed to initiate and implement effective infection control protocols; and failed to train and supervise their staff as it relates to proper infection control mechanisms.[4]

13. These claims by their very nature involve the "prioritization [and] purposeful allocation of [ ] Covered Countermeasure[s]," especially in this case where such countermeasures were implemented and deployed pursuant to the directive of public health officials. Plaintiff's allegations pertaining to alleged failures to implement an effective infection control program to prevent COVID-19 also relates to covered countermeasures since covered countermeasures are the centerpiece of an infection control program used to prevent COVID-19.

14. As such, Plaintiff's allegations relate to Defendants' administration or use of qualified pandemic products used to diagnose, mitigate, prevent, treat or cure COVID-19, or to limit the harm COVID-19 might otherwise cause including the use of PPE.

---

[4] The allegations cited in the Petition are precisely the types of allegations which prompted the Department of Health & Human Services to issue Advisory Opinion 21-01.

57459331.v2

15. Therefore, Plaintiff's claims fall under the PREP Act, the applicability of which presents a significant federal question relating to the ongoing national public health emergency and COVID-19 pandemic.

16. Federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 US 1, 27-28 (1983).

17. "[A] state claim may be removed to federal court in only two circumstances— when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption.  When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.  In the two categories of cases where [the United States Supreme] Court has found complete pre-emption, the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial National Bank v. Anderson*, 539 U.S. 1, 8 (2003).

18. While a plaintiff is ordinarily entitled to choose a state or federal forum and may evade federal jurisdiction by pleading only state law claims, express or complete preemption is an exception to the well-pleaded complaint rule.

19. Complete preemption exists when (1) the statute relied upon by defendant as preemptive contains civil enforcement provisions within the scope of which plaintiff's state law claims fall; and (2) there is a "clear indication of Congressional intention to permit removal

57459331.v2

despite the plaintiff's exclusive reliance on state law." *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.*, 858 F2d 936, 942 (3rd Cir. 1988).

20. Under the PREP Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006), Congress has provided immunity from claims, as well as exclusive federal jurisdiction for the allegations and relief sought in Plaintiffs' First Amended Complaint. This legislation empowers the Secretary of Health and Human Services ("HHS") to issue a declaration providing immunity for "covered persons" to suits and liability under federal and state law relating to the administration of a "Covered Countermeasure" during a health emergency.

21. Specifically, 42 U.S.C. § 247d-6d(a)(1) provides as follows: "Subject to the other provisions of this section, a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a Covered Countermeasure **if a declaration under subsection (b) has been issued with respect to such countermeasure**" (emphasis added).

22. Section (b) of the PREP Act provides that if the Secretary makes a determination that a disease or other health condition or other threat to health constitutes as public health emergency, the Secretary may make a declaration setting forth that subsection (a) is in effect with respect to the manufacture, testing, development, distribution, administration or use of one or more Covered Countermeasures under conditions as the Secretary may specify in the Declaration or an amendment thereto. 42 U.S.C. § 247d-6d(b)(1) and (4).

23. The PREP Act further provides that "**[n]o court of the United States, or of any State, shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary under this subsection**" (emphasis added). Thus, under the PREP

57459331.v2

Act, Congress has not only provided immunity for claims arising out of Covered Countermeasures, it has delegated regulatory authority to the HHS Secretary. 42 U.S.C. § 247d-6d(b)(7).

24. Because Congress has expressly delegated the duty to apply and interpret the Act to the Secretary, the Declarations of the HHS Secretary are entitled to *Chevron* deference. Where Congress has expressly delegated interpretive authority to an agency, that agency's interpretative proclamations are controlling on the federal courts. *See Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 US 837, 843-844 (1984).

25. On March 10, 2020, United States Health and Human Services Secretary Alex M. Azar issued a Declaration invoking the PREP Act for the COVID-19 pandemic. The Declaration was effective as of February 4, 2020.

26. Secretary Azar subsequently issued an Amended Declaration under the PREP Act, which was effective as of March 27, 2020. The Amendment added respiratory protective devices approved by NIOSH (National Institute for Occupational Safety and Health) as a covered countermeasure under the PREP Act.

27. On June 4, 2020, Secretary Azar further amended the March 10, 2020 Declaration to clarify that covered countermeasures under the Declaration include qualified products that limit the harm COVID-19 might otherwise cause. This Amendment was effective as of February 4, 2020.

28. On December 3, 2020, HHS Secretary Azar issued a Fourth Amendment to the Declaration under the PREP Act and made this Amendment effective as of February 4, 2020.

29. The Secretary's Fourth Amendment to the Declaration provides that "COVID-19 is an unprecedented global challenge that requires a whole-of-nation response that utilizes

federal-, state-, and local- distribution channels as well as private-distribution channels.  Given the broad scale of this pandemic, the Secretary amends [Section VII of] the Declaration to extend PREP Act coverage to additional private-distribution channels . . . "

30. The Fourth Amendment specifically provides that Section VII of the Declaration is amended to extend liability protection under the PREP Act to Covered Persons for Recommended Activities that are related to covered countermeasures, such as those at issue in this case.

31. Most recently, on January 8, 2021, Robert Charrow, General Counsel for HHS, Office of the Secretary, issued Advisory Opinion 21-01, which confirmed that the PREP Act can be triggered even in cases of non-use of a covered countermeasure when the non-use is due to prioritization or purposeful allocation "particularly if done in accordance with a public health authority's directive."

32. In the Advisory Opinion, General Counsel Charrow states that the view that the PREP Act does not encompass alleged omissions to use covered countermeasures, "clashes with the plain language of the PREP Act, which extends immunity to anything 'relating to' the administration of a covered countermeasure."  *See* Advisory Opinion, attached hereto as Exhibit B.

33. In the opinion, General Counsel Charrow indicates that the PREP Act is triggered in cases where a plaintiff alleges a failure to use PPE, if the failure was the outcome of some form of decision-making process.  The Advisory Opinion further provides that the PREP Act is a complete preemption statute.

34. The Fourth Amendment to the Secretary's Declaration further provides that the declaration must be construed in accordance with the Department of Health and Human Services

57459331.v2

(HHS) Office of the General Counsel (OGC) Advisory Opinions of April 17, 2020, as modified on May 19, 2020, and October 22, 0220, as modified on October 23, 2020, on the PREP Act and the Declaration.  The Declaration incorporates the Advisory Opinions for that Purpose.

35.	Thus, the Fourth Amendment incorporates all HHS Office of the General Counsel Advisory Opinions related to COVID-19 and the PREP Act into the Secretary's March 10, 2020 initiating Declaration.

36.	Beyond question, these Advisory Opinions and the Declarations of the HHS Secretary must be given *Chevron* controlling weight.  Where Congress has expressly delegated interpretive authority to an agency, that agency's interpretative proclamations are controlling on the federal courts.  *See Chevron USA, Inc. v. Natural Resources Defense Council, Inc*., 467 US 837, 843-844 (1984).

37.	Moreover, section (b)(7) of the PREP Act provides that "[n]o court of the United States, or of any state, shall have subject matter jurisdiction to review whether by mandamus or otherwise, any action by the Secretary under this subsection."

38.	Thus, the Fourth Amendment declares that the interpretation of the PREP Act is a matter of significant and substantial federal concern, and that removal of any case involving the interpretation of that Act is proper in accordance with the Supreme Court's holding in *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g.,* 545 U.S. 308 (2005).

39.	Here, Plaintiff's claims are preempted by the PREP Act.

40.	Under the PREP Act, Congress has provided an exclusive remedy and exclusive federal jurisdiction for the substance of the allegations and relief sought in the Petition for Damages, thereby preempting state law with respect to the claims raised in the complaint.

41. Defendants' administration of countermeasures, such as the use of facemasks and other PPE, and COVID-19 testing, to diagnose, treat, prevent or mitigate the spread of COVID-19, which forms the basis of this action, presents a federal question under the PREP Act giving this Court original jurisdiction preempting the state claims asserted by Plaintiff in the Petition for Damages.

42. Moreover, the PREP Act specifies that any and all claims from injured persons seeking to recover for the willful misconduct of a covered entity, like Natchitoches, "shall be filed and maintained only in the United States District Court for the District of Columbia," requiring the ultimate dismissal and transfer of this action to the proper forum. *See* 42 U.S.C. § 247d-6d(e).

## CERTIFICATIONS

43. Pursuant to 28 U.S.C. §1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the 10th Judicial District Court, Parish of Natchitoches, State of Louisiana.

44. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

45. By filing this Notice of Removal, Defendants do not waive, and hereby reserve all defenses and objections to the Petition for Damages including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and insufficiency of service of process.

WHEREFORE, Defendants respectfully request that this Court assume full jurisdiction over the cause herein as provided by law.

57459331.v2

This the 8th day of February 2021.

                Respectfully submitted by,

                By:   *s/ Connell L. Archey*
                    Connell L. Archey (#20086)
                    Allena W. McCain (#38830)
                    BUTLER SNOW LLP
                    445 North Boulevard, Suite 300 (70802)
                    P.O. Box 2997
                    Baton Rouge, Louisiana 70821-2997
                    Telephone: (225) 325-8700
                    Facsimile:  (225) 325-8800
                    Connell.Archey@butlersnow.com
                    Allena.McCain@butlersnow.com

                ***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

I hereby certify I have on this day filed the foregoing document with the Clerk of the Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that a true and correct copy of the foregoing document was served by U.S. Mail, postage prepaid, and electronic mail to the following:

        T. Taylor Townsend
        T. TAYLOR TOWNSEND, LLC
        Post Office Box 784
        Natchitoches, Louisiana  71458
        taylor@taylortownsendlaw.com

        ***ATTORNEY FOR PLAINTIFF***

This the 8th day of February 2021.

                    *s/ Connell L. Archey*

57459331.v2