UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLARA RACHAL | CIVIL DOCKET NO. 1:21-CV-00334 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| NATCHITOCHES NURSING & REHABILIATION CENTER LLC, ET AL | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

# ORDER

Before the Court are briefing and supporting documents [Docs. 23, 27, 28, 36] submitted by the parties in accordance with this Court's April 30, 2021, MEMORANDUM RULING [Doc. 13] ordering jurisdictional discovery and subsequent written submissions on the scope of the Public Readiness and Emergency Preparedness Act ("PREP Act")[1] as applied to the facts underlying Plaintiff's claims. [Doc. 13]. Having reviewed the parties' submissions, the Court determines that it is without subject matter jurisdiction over the claims at issue. This matter is therefore remanded to the 10th Judicial District Court, Natchitoches Parish, Louisiana, for further proceedings.

---

[1] The PREP Act is a federal statutory scheme that vests the Health and Human Services Secretary with authority to determine that a disease or other threat to health constitutes a public health emergency and to issue a declaration recommending administration of specified countermeasures. *See* 42 U.S.C. § 247d-6d(b)(1). Once the Secretary has issued such a declaration, the PREP Act provides broad immunity "from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure..." to covered persons," provided the Secretary has issued a declaration with respect to such countermeasures. *Id.* § 247d-6d(a)(1). This statutory immunity applies to damages resulting from the "design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use" of "covered countermeasures." *Id.* § 247d-6d(a)(2)(B).

**PROCEDURAL HISTORY**

On April 29, 2020, after allegedly contracting COVID-19 while residing at the Natchitoches Nursing and Rehabilitation Center, Plaintiff, Clara Rachal ("Ms. Rachal" or "Plaintiff"), filed the instant lawsuit in the 10th Judicial District Court, Natchitoches, Louisiana, ("10th JDC") against Defendants Natchitoches Nursing & Rehabilitation Center, LLC and Kacey Masters ("Defendants" or "NNRC").[2] Plaintiff's claims are generally premised on the Defendants' alleged failure to appropriately care for her and take adequate precautions to prevent the spread of COVID-19. Plaintiff ultimately succumbed to her illness on May 5, 2020.

On February 8, 2021, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, contending that Plaintiff's claims related to the "prioritization and purposeful allocation of Covered Countermeasures" under the PREP Act – providing them with both a basis for federal subject matter jurisdiction and immunity from liability for the claims brought against them. [Doc. 1 ¶¶ 12-15, 23-24, 39-40].

Shortly thereafter, Defendants filed a MOTION TO DISMISS, OR ALTERNATIVELY A MOTION TO TRANSFER. [Doc. 6] (the "Motion to Dismiss"). Defendants argued therein that they are immune from liability as "covered persons" under the PREP Act and that the state law claims brought by Plaintiff are therefore preempted. [Doc. 6-1 p. 19-21]. The Court denied the Motion to Dismiss in an April 30, 2021, MEMORANDUM RULING, finding that additional discovery was needed to determine

---

[2] Defendant, Miranda Green was dismissed on September 10, 2021, and is no longer a defendant in this matter. [Doc. 19]

2

whether the Defendants engaged in "the administration or the use by an individual of a covered countermeasure," as required for PREP Act immunity. [Doc.13 p. 12].

In so holding, the Court determined that, as a skilled nursing facility, NNRC qualifies as a "program planner," and can therefore be considered a "covered person" under the PREP Act, but only "to the extent it provided covered countermeasures to its residents." [Doc. 13 p. 10]. The Court further specified that, "[i]f Plaintiff's claims against Defendants relate to covered countermeasures, then the Defendants are immune from suit and liability in this forum and this matter must be dismissed. However, if all or some of the allegations do not relate to covered countermeasures, then the Court is without subject matter jurisdiction and must remand those claims back to state court." [Doc. 13 p. 12].

The April 30, 2021, MEMORANDUM RULING ultimately concluded that the Court was "unable to determine as a matter of law that each of the Plaintiff's claims relate to 'the administration or the use by an individual of a covered countermeasure.'" [Doc. 13 p. 12]. Accordingly, the Court ordered the parties to engage in a 90-day limited jurisdictional discovery, "during which the parties [were] directed to conduct discovery as to the nature of Plaintiff's claims, including Defendants' specific acts of alleged misconduct and whether such acts are 'covered countermeasures' under the PREP Act." [Doc. 13 p. 12-13].

## JURISDICTIONAL DISCOVERY

In accordance with the Court's Order, the parties engaged in a period of jurisdictional discovery and were directed to file supplemental briefing on or before

October 18, 2021. On October 15, 2021, Defendants filed a second motion to dismiss alleging that the claims raised in the Plaintiff's Petition fall within the PREP Act and attached exhibits in support of their contention. [Doc. 23]. The thrust of Defendants' argument is that the jurisdictional discovery period revealed that NNRC complied with applicable COVID-19 protocols, including the proper use of Personal Protective Equipment ("PPE"), and that the Defendants otherwise exercised reasonable care in their supervision of Ms. Rachal. *Id.* Given this, Defendants claim in a conclusory fashion that their alleged conduct underlying Plaintiff's claims necessarily falls within the protection of the PREP Act and is therefore within the jurisdiction of this Court. *Id.*

On October 18, 2021, Plaintiff filed a memorandum brief [Doc. 27] in response to the Court's Request for jurisdictional discovery, alleging that the documents and testimony produced by Defendants during this discovery do not evidence the use of covered countermeasures. [Doc. 27 p. 9-10]. Plaintiff alleges, generally, that the claims in her Petition relate to Defendants' overall negligence in preventing and treating Ms. Rachal's contraction of COVID-19, not the use of covered countermeasures. Accordingly, Plaintiff posits that this Court is without subject matter jurisdiction. [Doc. 27 p. 16-17].

Finally, on October 21, 2021, with leave of Court, Defendants filed an additional memorandum. [Doc. 36]. In this filing, Defendants assert that they produced evidence showing Ms. Rachal tested positive for COVID-19 and that NNRC complied with its COVID-19 policies regarding the use of PPE. [Doc. 36 p. 2-3].

However, despite their burden to demonstrate federal question jurisdiction over the claims at issue, Defendants ultimately premise much of their argument on the contention that Plaintiff has failed to show that any of her claims fall outside of the scope of the PREP Act and that therefore this Court should exercise exclusive jurisdiction under the PREP Act. [*Id.* p. 3]. The Court finds this argument unavailing.

### REASONS FOR REMAND

As the Court clearly stated in its April 30, 2021, MEMORANDUM RULING, in order for jurisdiction to vest in this Court to apply the PREP Act's immunity provisions, Defendants have the burden of showing both: (i) that they are covered persons as defined by the PREP Act; and (ii) that Plaintiff's claims against them are "for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1) [Doc. 13, p. 8].

In evaluating, *sua sponte*, whether it has the authority to exercise jurisdiction in this matter, the Court has reviewed the briefing and evidence submitted by the parties related to the Defendants' alleged use of covered countermeasures with respect to the Plaintiff. Although Defendants are clearly covered persons under the PREP Act, the Court finds that they have failed to adequately demonstrate that Plaintiff's claims are "for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure," despite the period of jurisdictional discovery afforded them by the Court. This Court

5

is therefore without subject matter jurisdiction and must remand this case to the 10th JDC. *Id.*

IT IS HEREBY ORDERED that the above-captioned matter is REMANDED to the 10th Judicial District Court, Natchitoches Parish, Louisiana.

THUS, DONE AND SIGNED in Chambers on this 18th day of November 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE